**LEE LITIGATION GROUP, PLLC**
CK Lee (CL 4086)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADAN MARTINEZ, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,*<br><br>Plaintiff,<br><br>v.<br><br>PRIMA PASTA & CAFE, INC.,<br>    d/b/a PRIMA PASTA & CAFE,<br>ANTONINETTE MODICA and<br>ANTHONY MODICA,<br><br>Defendants. | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff ADAN MARTINEZ, on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants PRIMA PASTA & CAFE, INC. (the "Corporate Defendant"), ANTONINETTE MODICA and ANTHONY MODICA ("Individual Defendants," and together with Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that he and similarly situated individuals are entitled to recover from

1

Defendants: (1) unpaid wages, including overtime, due to a fixed salary, (2) unpaid wages, including overtime, due to time shaving, (3) liquidated damages, and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to a fixed salary, (2) unpaid wages, including overtime, due to time shaving, (3) unpaid spread of hours premium, (3) compensation for late payments of wages, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff ADAN MARTINEZ is a resident of Queens County, New York.

6. Corporate Defendant PRIMA PASTA & CAFE, INC. is a domestic corporation with a principal place of business located at 161-50b Cross Bay Blvd, Howard Beach, New York 11414 and an address for service of process located at the same address.

7. Individual Defendant ANTONINETTE MODICA is an owner and principal of Corporate Defendant and has operational control of Corporate Defendant. Individual Defendant ANTONINETTE MODICA exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v)

2

otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class members of Corporate Defendant. Individual Defendant ANTONINETTE MODICA has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class members. Individual Defendant ANTONINETTE MODICA additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class members. Individual Defendant ANTONINETTE MODICA ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendant is operating efficiently and profitably.

8.  Individual Defendant ANTHONY MODICA is an owner and principal of Corporate Defendant and has operational control of Corporate Defendant. Individual Defendant ANTHONY MODICA exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class members of Corporate Defendant. Individual Defendant ANTHONY MODICA has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class members. Individual Defendant ANTHONY MODICA additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect

the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class members. Individual Defendant ANTHONY MODICA ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendant is operating efficiently and profitably.

9. At all relevant times, Corporate Defendant, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

10. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their (i) proper wages, (ii) their proper wages, including their overtime premium at one and a half times the regular rate for all hours worked over forty (40) in a workweek, due to a fixed

4

salary, and (iii) their proper wages, including overtime, for off-the-clock work. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

14. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt front-of-house and back-of-house employees (including delivery persons, servers, runners, bussers, porters, cooks, line-cooks, food preparers and dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

15. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently

within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants of (i) failing to pay all wages, (ii) failing to pay wages, including overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to fixed salary, (iii) late payment of wages, (iv) unpaid spread of hours premium (v) failing to provide proper wage statements to employees, and (vi) failing to provide proper wage notices to employees.

18. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated

persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class members;

   c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and the Class members for their work;

   d. Whether Defendants properly notified Plaintiff and the Class members of their hourly rates and overtime rates;

   e. Whether Defendants paid Plaintiff and Class members the proper compensation for all hours worked under the New York Labor Law;

   f. Whether Defendants improperly compensated Plaintiff and Class members on a fixed salary basis in violation of NYLL;

   g. Whether Defendants paid Plaintiff and Class members the New York State spread of hours premium when their workdays exceeded ten (10) hours;

   h. Whether Defendants failed to timely compensate hourly employees, as required under NYLL;

   i. Whether Defendants provided Plaintiff and Class members proper wage statements as required under the NYL; and

j.  Whether Defendants provided Plaintiff and Class members proper wage and hour notice, at date of hiring and with each change in pay rate thereafter, per the requirements of the NYLL.

## STATEMENT OF FACTS

23.  In or around June 2009, Plaintiff ADAN MARTINEZ was hired by Defendants to work as a cook for Defendants at their restaurant Prima Pasta & Cafe, located at 161-50 B Cross Bay Blvd, Howard Beach, New York, 11414. Plaintiff's employment with Defendants terminated in or around July 2022.

24.  Throughout his employment, Plaintiff regularly worked six (6) days per week, Monday through Saturday, from 12:00 p.m. to 10:00 p.m., for a total of sixty (60) hours per week. FLSA Collective Plaintiffs and Class members worked similar schedules.

25.  At all times of his employment, Plaintiff was compensated at various fixed salary rates, regardless of the actual number of hours Plaintiff worked. These fixed salary rates were based on Plaintiff's daily rate, and Plaintiff received these wages in cash on a weekly basis. FLSA Collective Plaintiffs and Class members were similarly paid on a fixed salary basis. For example, from the beginning of his employment until January 2020, Plaintiff's daily fixed salary rate was one-hundred and twenty dollars ($120) per day; from January 2020 until the end of Plaintiff's employment, his daily fixed salary rate was one-hundred and fifty dollars ($150) per day. Despite Defendants paying Plaintiff and Class members on a fixed salary basis, there was never any agreement that this fixed salary would cover all hour worked, including overtime hours. As a result, Defendants failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members substantial overtime wages.

26. Throughout his employment, Defendants regularly directed Plaintiff to continue working beyond his scheduled end time for up to an additional two (2) hours. This occurred approximately three (3) times per week and Plaintiff was not provided additional compensation for these extra hours. FLSA Collective Plaintiffs and Class members were similarly required to work beyond their scheduled end times, but did not receive additional pay for the extra hours worked. As a result, Plaintiff was uncompensated for approximately six (6) hours each workweek.

27. Throughout his employment, Plaintiff regularly worked days exceeding ten (10) hours in length, but Defendants failed to provide Plaintiff with his spread of hours premium for the workdays that exceeded ten (10) hours in length. Class members similarly failed to receive their spread of hours premiums when working shifts that exceeded ten (10) hours in length.

28. At all times of his employment, Defendants failed to properly compensate Plaintiff all wages due in a timely manner. This is because Defendants regularly paid Plaintiff only about $200 dollars of his wages in cash on payday. Defendants would then pay Plaintiff the rest of his wages up to four (4) days later. FLSA Collective Plaintiffs and Class members were similarly not compensated all wages due in a timely manner.

29. Therefore, because Plaintiff, FLSA Collective Plaintiffs and Class members did not receive their payment of wages within seven (7) days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i), they are owed liquidated damages equal to the late payments and accrued interest on the delayed payments.

30. Additionally, following his termination in July 2022, Defendants failed to pay Plaintiff his wages for his last two weeks of work.

31. Throughout his employment, Plaintiff and Class members did not receive wage statements that were in compliance with the NYLL. Defendants failed to satisfy the requirements under the NYLL because they failed to provide proper wage statements for each payment period due to unpaid wages, including overtime, resulting from compensation on a fixed salary, and time shaving.

32. Defendants failed to provide Plaintiff and the Class members with proper wage notices at hiring and at all changes of payrate thereafter, in violation of the NYLL.

33. Defendants knowingly and willfully operated their business with a policy of untimely compensating Plaintiff in violation of the NYLL.

34. Defendants failed to properly provide Plaintiff and the Class members with proper wage notices in compliance with the New York Labor Law.

35. Defendants failed to properly provide Plaintiff and the Class members with proper wage statements in compliance with the New York Labor Law.

36. Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage, and the proper overtime rate thereof for all hours worked to Plaintiff and Class members, due to compensating Plaintiff and Class members on a fixed salary, in violation of the NYLL.

37. Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff and Class members, in violation of the NYLL.

38. Defendants knowingly and willfully operated their business without providing proper wage notices in violation of the NYLL.

39. Defendants knowingly and willfully operated their business without providing proper wage statements in violation of the NYLL.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

40. Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

41. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

42. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

43. At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

44. At all relevant times, Defendants had a policy and practice that failed to pay Plaintiff and FLSA Collective Plaintiffs their proper wages, including overtime, due to time shaving.

45. At all relevant times, Defendants had a policy and practice that failed to pay Plaintiff and FLSA Collective Plaintiffs their proper wages, including overtime, due to fixed salary.

46. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiff intends to obtain these records

by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including their proper overtime premium, when Defendants knew or should have known such was due.

48. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

49. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

50. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, unpaid wages and overtime due to fixed salary, plus an equal amount as liquidated damages.

51. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

52. Plaintiff realleges and incorporates all the above allegations of this Class and Collective Action Complaint as fully set forth herein.

53. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. At all relevant times, Defendants engaged in a policy and practice of not compensating Plaintiff and Class members their proper wages, including overtime, due to time shaving, in direct violation of the NYLL.

55. At all relevant times, Defendants engaged in a policy and practice of not compensating Plaintiff and Class members their proper wages, including overtime, due to compensating employees on a fixed salary, in direct violation of the NYLL.

56. Defendants failed to compensate Plaintiff and Class members their spread of hours premiums when working shifts in excess of ten (10) hours per day, in direct violation of the NYLL.

57. Defendants failed to compensate Plaintiff all wages due in a timely manner, due to paying Plaintiff and Class members a portion of their wages on payday, and the rest of their wages up to four (4) days later, in violation of NYLL § 191(1)(a)(i).

58. Following his termination, Defendants failed to pay Plaintiff for his last two (2) weeks of work. As a result, Defendants willfully violated Plaintiff's rights by failing to pay him his wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

59. Defendants failed to properly notify Plaintiff and Class members of their overtime rates, in direct violation of the New York Labor Law.

60. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members with proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

61. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class members with proper wage statements, as required under the New York Labor Law.

62. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants unpaid wages, including unpaid overtime wages, due to compensation on a fixed salary, unpaid spread of hours premium, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to fixed salary;

d. An award of unpaid spread of hours premium due under the New York Labor Law;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, minimum wages, and spread of hours premiums, pursuant to the New York Labor Law;

g. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

h. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: February 1, 2023              Respectfully submitted,
New York, New York

                                By:   */s/ C.K. Lee*
                                      C.K. Lee, Esq.
                                      **LEE LITIGATION GROUP, PLLC**
                                      C.K. Lee (CL 4086)
                                      148 West 24th Street, Second Floor
                                      New York, NY 10011
                                      Tel.: 212-465-1188
                                      Fax: 212-465-1181
                                      *Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

16